FORTNER, Appellant, vs. WHELAN, Garnishee, Respondent.

*January 30 — February 23, 1894.*

*Debtor and creditor: Fraudulent conveyance: Evidence.*

1. Before the sale of his land here in question, a debtor, being about to change his residence, had sold most of his personal property openly at auction. and had removed the balance of it without any attempt at concealment. *Held*, that the mere fact that he afterwards pretended, when called upon by his creditors, that he had no means with which to pay them, does not show fraud in the sale of the land.

2. The evidence in this case (stated in the opinion) is *held* not to show any participation by the purchaser of land in the fraudulent intent, if any, of the vendor in making the sale.

APPEAL from the Circuit Court for *Waukesha* County.

Garnishment. The facts are stated in the opinion. The plaintiff appeals from a judgment in favor of the garnishee.

For the appellant there were briefs by *C. E. Armin*, attorney, and *Ryan & Merton*, of counsel, and oral argument by *Mr. Armin* and *Mr. T. E. Ryan*.

For the respondent there was a brief by *S. G. Gilman* and *C. W. Gilman*, and oral argument by *Mr. C. W. Gilman*.

ORTON, C. J. The appellant, having obtained a judgment against the defendants, garnished *J. W. Whelan* as being indebted to, or having in his possession the property of, the defendant Chauncey W. Brownell, and to subject the same to the payment of said judgment. The garnishee answered,

denying that he was indebted to the said Chauncey W. Brownell in any sum whatever and that he had in his possession any property of the said Brownell. · The appellant took issue with said answer, and tried the same before the court. The question litigated was whether the said defendant had sold and conveyed to the said garnishee a farm of eighty acres, lying near the village of Waukesha, and two lots in said village, with intent to hinder, delay, or defraud his creditors. The court found the issue and rendered judgment in favor of the garnishee, from which judgment the plaintiff has appealed.

The following substantially correct statement of the testimony will show that the judgment is correct: The plaintiff is the son-in-law of the defendant, and prior to April, 1891, he occupied said farm, and the defendant lived with him, and about that time there was a disagreement between them, and they arbitrated their differences, and the personal property on the farm was divided between them. The defendant sold his share of it at auction, except a few head of horses, and with the money made payment on his debts. The defendant had another son-in-law by the name of A. E. Peeso, who resided at Mondovi, Buffalo county, and he came to Waukesha to assist the defendant in the settlement of his affairs, and to have him remove to Mondovi and thereafter live with him. The defendant did so remove, and took with him the said horses. The said *Whelan,* the garnishee, also lived at Mondovi, on a farm near by, and did business in said city as a lawyer and dealing in real estate and loaning money, and was evidently a man of considerable means. He owned, besides his farm, a block of lots in the city, and his general good moral character was not questioned on the trial. Many years ago he lived in Waukesha county, and was probably acquainted with the value of real estate in and about the village of Waukesha. In August, 1891, the said Peeso opened nego-

tiations on behalf of the said defendant, his father-in-law, with the said *Whelan*, to sell to him the said eighty-acre farm and the said two lots in Waukesha, and as the result of such negotiation he purchased the same November 27, 1891, on the following terms: He was to pay for the farm $7,000, and for the lots $3,000. He assumed the payment of one mortgage on the farm of $3,500, and another of $600, paid down about $1,556, and gave back one mortgage of $3,200 and one of $1,000, and took possession of the property at that time. It seems that, as the result of the disagreement and bad feeling between the plaintiff and defendant, an assault and battery had been perpetrated on the plaintiff by the defendant Chauncey Brownell and the other defendant, one Edgar Brownell, and on the 3d day of September, 1891, the plaintiff brought suit against the Brownells for such assault and battery, and on the 8th of December thereafter he obtained a judgment thereon of $50, which is the foundation of this garnishee suit. The said defendant, when he sold said land and lots to the said *Whelan*, was indebted in and about Waukesha in the sum of about $1,000, on which he has since made some small payments. It was a question on the trial whether the property was worth the amount for which it was sold. But the disparity, if any, was not very great in the Waukesha market.

This is all the material testimony, and such are the facts and circumstances upon which the learned counsel of the appellant claims that said sale was fraudulent. It is not claimed that there is any direct proof of *Whelan's* knowledge of the defendant's intent to defraud his creditors in making said sale, but it is contended that the facts and circumstances were such as to put *Whelan* on inquiry, and imply a fraud. It is argued that the garnishee, *Whelan*, being a lawyer, should be held to a stricter rule than if he were not, and that he would be likely to know of the in-

tent of the defendant to defraud his creditors by the sale, if he had any such intent.

To make this sale void as to him, *Whelan* must have participated in the fraud of the defendant, if he really intended to commit a fraud. If *Whelan* was worthy to be called a lawyer, and it must be presumed that he was, he would not be likely to participate in such a fraudulent sale. But is there evidence that the defendant made the sale with the intent to defraud his creditors? His son-in-law Peeso negotiated it as his agent, and did all the business, and the defendant seemed to have been under his influence and control in the matter. He was assisting his father-in-law to sell off all his property in Waukesha and remove from that place and live with him in Mondovi, and does not seem to have had any other motive. The defendant sold most of his personal property openly at auction, and took away with him several head of horses without any attempt at concealment, and about the time of this sale of his real estate, and is presumed to have had a considerable sum of money, also, without any attempt on the part of his creditors to avail themselves of it for the payment of their claims. But when he was called upon by his creditors afterwards at the city of Mondovi, he then pretended that he had no means whatever with which to pay them. Whether this pretense was true or not does not appear. But that is no proof of any fraud in the sale of the land, whether true or false. He certainly had means when he went away, and by proper proceedings his creditors could have discovered them. But that was subsequent to the sale, and the only question here is whether that was made with intent to defraud his creditors. There does not appear to be any certain or satisfactory evidence that he made the sale with such intent. Fraud is not to be presumed. It must be clearly shown. We are satisfied that the court was warranted from the testimony in finding the

issue in favor of the garnishee.   If the defendant intended by the sale to defraud his creditors, there is no evidence whatever that *Whelan* participated in such intent.

*By the Court.*— The judgment of the circuit court is affirmed.